Filed 5/26/21 In re C.M. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re C.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.M.,<br><br>        Defendant and Appellant. | A161562<br><br>(Contra Costa County<br>Super. Ct. No. J1700756) |

Defendant C.M. appeals from a restitution order requiring him to pay $5,971.60 to the victim for medical and other expenses.  His appointed counsel on appeal has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, in which his counsel raises no issues for appeal and asks this court for an independent review of the record.  (See *People v. Kelly* (2006) 40 Cal.4th 106.)  Counsel has informed defendant of his right to file a supplemental brief.  Defendant has not done so.

The juvenile court sustained a Welfare and Institutions Code section 602 petition alleging one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), one count of assault by force likely to produce great bodily injury (*id.,* § 245, subd. (a)(4)), and as to both counts great bodily injury enhancements (*id.,* § 12022.7, subd. (a)).  The court later dismissed

1

count 2, struck the related enhancement, adjudged minor a ward of the court, and set a restitution hearing.

The victim's mother completed a victim claim and description of loss, identifying the following: $5,896.60 for medical expenses, $2,500 for lost wages, and $75 for travel to and from court and for the victim's clothing "ruined during the accident." She also submitted a "BayChildren's Physician" request for $799.08 and a Department of Health Care Services reimbursement amount of $5,896.60 "that's become a lien." Probation recommended victim restitution in the amount of $8,471.60.[1]

At the contested restitution hearing, C.M.'s counsel had no objection to the requested $75 for travel but objected to the requested lost wages, stating there was "no information about the mother's employment, what her hourly wage is, how many hours of work she lost, where she went and what it was attributable to, and whether or not in fact her lost wages are actually cognizable." Counsel also objected to the medical expenses. Counsel did not contend they were unreasonable amounts, but rather asserted there should be more documentation "other than the one-page letter" from the Department of Health Care Services.

The court ultimately ordered $5,971.60 in restitution which included $5,896.60 for medical expenses and $75 for the victim's clothing and for

---

[1] Probation also recommended C.M.'s wardship be vacated, the petition dismissed, and his record sealed. (Welf. & Inst. Code, § 786.) After the restitution hearing, C.M.'s counsel asked the court to follow probation's recommendation. After a subsequent hearing, the trial court granted C.M.'s Penal Code section 17(b) motion, ordered the case sealed, vacated wardship and found probation was terminated successfully. "A minor is not relieved from the obligation to pay victim restitution, restitution fines, and court-ordered fines and fees because the minor's records are sealed." (Welf. & Inst. Code, § 786, subd. (h).)

2

travel cost and parking at the court. The court denied the restitution for lost wages because there was no "actual documentation or indication as to the amount of time she missed from work, and that's not been provided. Just a number, and I agree that that is probably insufficient for the purposes of today."

The court also denied the $799.08 request for medical expenses because the court could not determine the reason for the charge or whether it was included in the requested $5,896.60 or was a separate charge, additionally it was not listed on the victim impact statement. In awarding the $5,896.60 in medical expenses, the court noted the victim "was a severely injured child" and his injury required him to be air lifted to a hospital and that amount was not an "incredible request[] for reimbursement" for the injuries the victim sustained. Additionally, the court stated the letter from the Department of Health Care Services related to Medi-Cal services, "bears the amount of . . . $5,896.60," includes the victim's name, and the date of his injury. Finally, the victim impact statement referenced the $,5986.60 stating, " 'We brought a lawsuit, [victim]/us will be required to pay 5,896.60 to Medi-Cal from his share of recovery.' "

Upon review of the record of the restitution proceedings, we conclude there is no viable issue on appeal. C.M. was ably represented by counsel during the restitution proceedings. Defense counsel was given an opportunity to object and did so. The trial court carefully examined the claims. The restitution claim was supported by evidence.

## DISPOSITION

The restitution order is AFFIRMED.

3

                                    _____

                                    Banke, J.

We concur:


_____

Margulies, Acting P.J.


_____

Sanchez, J.


A161562, People v. CM